**Order entered July 22, 2019**



**In The**

# Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-18-01068-CR**
**No. 05-18-01069-CR**

**ROBERT HOWARD GREEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-76425-T & F16-76426-T**

## ORDER

On May 14, 2019, court reporter Sharina A. Fowler filed a request for a two-week extension of time to file the reporter's record so that she might conduct a search for a missing portion of the record. On May 20, 2019, the Court granted the extension and ordered Ms. Fowler to file the reporter's record by May 31, 2019. The Court warned Ms. Fowler that if the record was not filed by May 31, 2019, the Court would abate these appeals to the trial court to make findings of fact and conclusions of law regarding why the reporter's record had not been filed and whether a portion of the reporter's record has been lost or destroyed.

To date, the reporter's record has not been filed, and the Court has had no further communication from Ms. Fowler regarding the status of the reporter's record.

Accordingly, the Court **ORDERS** the trial court to make findings of fact regarding whether appellant has been deprived of the reporter's record because of ineffective counsel, indigence, because a portion of the record has been lost or destroyed, or for any other reason.

- The trial court shall first determine whether appellant desires to prosecute the appeals. If the trial court determines that appellant does not desire to prosecute the appeals, it shall make a finding to that effect.

- If the trial court determines that appellant desires to prosecute the appeals, it shall next determine whether appellant is indigent and entitled to proceed without payment of costs for the reporter's record. If appellant is entitled to proceed without payment of costs, the trial court shall make a finding to that effect. Moreover, if the appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel. If the trial court finds appellant is not indigent, it shall determine whether retained counsel has abandoned the appeals.

- The trial court shall next determine whether a portion of the reporter's record has been lost or destroyed. If the trial court determines that a portion of the reporter's record has been lost or destroyed, the trial court shall determine whether the lost or destroyed portion can be reconstructed and replaced by agreement of the parties. If the parties cannot agree, the trial court is directed to determine what constitutes an accurate copy of the lost or destroyed portion of the reporter's record and order that the reporter's record be filed.

- In the event that the trial court determines that a portion of the reporter's record is lost and cannot be reconstructed by agreement of the parties or by the trial court

determining what constitutes an accurate copy of the record, the trial court shall make findings of fact regarding (1) whether appellant timely requested a reporter's record; (2) if without appellant's fault, a significant portion of the reporter's record has been lost or destroyed; and (3) whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution.

- Finally, the trial court shall determine: (1) the name and address of each court reporter who recorded the proceedings in these causes; (2) the court reporter's explanation for the delay in filing the reporter's record; and (3) the earliest date by which the reporter's record can be filed.

We **ORDER** the trial court to transmit a record, containing the written findings of fact, any supporting documentation, and any orders, to this Court within **THIRTY DAYS** of the date of this order.

We **DIRECT** the Clerk to send copies of this order to the Honorable Lela Lawrence Mays, Presiding Judge, 283rd Judicial District Court; court reporter Sharina Fowler; and to counsel for the parties.

We **ABATE** the appeals to allow the trial court to comply with this order. The appeals shall be reinstated when the findings are received or at such other time as the Court deems appropriate.

/s/     ROBERT D. BURNS, III
CHIEF JUSTICE